# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deidre Walker, : 
               Petitioner : 
  : 
     v. : No. 425 C.D. 2025
  : SUBMITTED: June 16, 2026
Unemployment Compensation : 
Board of Review, : 
               Respondent : 


BEFORE:   HONORABLE LORI A. DUMAS, Judge
              HONORABLE STELLA M. TSAI, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**          **FILED:  August 12, 2026**

Petitioner Deidre Walker (Claimant), proceeding *pro se*, petitions for review from Respondent Unemployment Compensation Board of Review's order affirming the determination of the Referee that Claimant committed willful misconduct and was ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law.[1]  We affirm.

The facts may be summarized as follows.  Gaudenzia House (Employer) employed Claimant as a case manager.  Employer has a policy that prohibits staff from sleeping while on duty and disciplined Claimant for violating that policy repeatedly, culminating in her dismissal.  Claimant applied for unemployment benefits, which the unemployment compensation service center denied under Section 402(e) of the Law.

---

[1] Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

Claimant appealed and a Referee conducted a hearing at which Claimant and three witnesses for Employer appeared and testified. Employer showed the existence of a policy against sleeping while on duty and Claimant's knowledge of it by producing a copy of an employee handbook with a signed acknowledgement by Claimant.[2] Employer presented two witnesses who testified that they observed Claimant sleeping while on duty on multiple occasions prior to her termination resulting in progressive disciplinary measures. Brenda Fultz, Employer's program director, witnessed Claimant sleeping in her office on October 21, 2024. That incident led to a corrective action plan which Claimant signed. Fultz saw Claimant sleeping again on October 30, 2024, which resulted in Claimant's receiving a written warning. Claimant's direct supervisor, Michael Skelly, spoke with Claimant about not sleeping during work hours on November 13, 2024, when Employer placed Claimant on a performance improvement plan. Kivunzi Musili, another supervisor, twice found Claimant sleeping in her office on November 19, 2024. For her part, Claimant denied sleeping while on duty and disputed some details concerning the progressive disciplinary measures taken by Employer.

The Referee found Employer's witnesses credible, and determined that Employer had a policy prohibiting staff from sleeping while on duty; that Claimant was aware of the policy; that Employer's staff observed Claimant sleeping on several occasions; that these incidents were followed by oral reprimand and eventually a performance improvement plan; that Employer's staff continued to find Claimant sleeping; and that Employer terminated Claimant for violating the policy prohibiting sleeping while on duty. The Referee determined that Claimant engaged in willful

---

[2] When asked by the Referee if she knew of a policy against sleeping during work hours, Claimant testified that she's "aware you're not supposed to sleep on the job." Notes of Testimony "N.T." at 18, Certified Record "C.R." 119.

misconduct and affirmed the determination of the service center. Claimant appealed the Referee's order to the Board, which affirmed, adopting the Referee's findings of fact and conclusions of law. The instant appeal followed.

On appeal, Claimant asserts that the Board erred in affirming the Referee's decision because it incorrectly found that she had acknowledged sleeping on the job and "where the evidence of Claimant sleeping did not include a witness waking up Claimant." Claimant's Br. at 1.

Section 402(e) provides as follows: "An employe[e] shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work . . . ." 42 P.S. § 802(e). While the Law does not define "willful misconduct," the courts have defined it as

> (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Cipriani v. Unemployment Comp. Bd. of Rev.*, 466 A.2d 1102, 1104 (Pa. Cmwlth. 1983) [quoting *Kentucky Fried Chicken of Altoona v. Unemployment Comp. Bd. of Rev.*, 309 A.2d 165, 168-69 (Pa. Cmwlth. 1973)]. When the discharge is based on a rule violation, the employer must prove the existence of the rule and the rule's violation. *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Rev.*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). The employer must also establish that the claimant was aware of the work rule. *Bruce v. Unemployment Comp. Bd. of Rev.*, 2 A.3d 667, 671 (Pa. Cmwlth. 2010). If the employer satisfies its prima facie burden, the burden

3

shifts to the claimant to show that she had good cause for the conduct. *McKeesport Hosp. v. Unemployment Comp. Bd. of Rev.*, 625 A.2d 112, 114 (Pa. Cmwlth. 1993).

Claimant essentially contends that the factual finding that she was sleeping while on duty was not supported by substantial evidence. Claimant points out that she denied sleeping while on duty but testified that she might sometimes "rest [her] eyes." N.T. at 23, C.R. at 124. Claimant notes that no witness awakened her to confirm that she was sleeping.

The Board is the ultimate finder of fact and, therefore, is entitled to make its own determinations as to witness credibility and evidentiary weight, as well as to resolve conflicts in the evidence. *Serrano v. Unemployment Comp. Bd. of Rev.*, 149 A.3d 435, 439 (Pa. Cmwlth. 2016). The Board is free to accept or reject the testimony of any witness in whole or in part. *Ackley v. Unemployment Comp. Bd. of Rev.*, 166 A.3d 565, 568 (Pa. Cmwlth. 2017). We are bound to examine the testimony in the light most favorable to the party who prevailed below, giving that party the benefit of all inferences that can be logically and reasonably drawn, even when there is contrary evidence in the record. *Cambria Cnty. Transit Auth. ("CamTran") v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019).

The Referee credited the testimony of Employer's witnesses, implicitly discrediting the testimony of Claimant that she was not sleeping. In affirming the Referee, the Board adopted the Referee's findings. These findings are supported by substantial evidence and we may not revisit them. Once Employer established the existence of the rule and its violation, the burden shifted to Claimant to establish that she had a good reason for violating the rule. No such reason is offered.

4

Next, Claimant points out that the Board erroneously found that she had admitted sleeping while on duty, which the Board acknowledges. It is well settled that an unsupported finding of fact that is unnecessary to the adjudication "constitutes harmless error." *Borough of Schuylkill Haven v. Prevailing Wage Appeals Bd.*, 6 A.3d 580, 585 (Pa. Cmwlth. 2010); *see also Monaghan v. Bd. of Sch. Dirs. of Reading Sch. Dist.*, 618 A.2d 1239, 1243 (Pa. Cmwlth. 1992) ("[A]n unsupported finding of fact which is not necessary to the adjudication merely constitutes harmless error."). In this case, in addition to the erroneous finding, the Referee found that Employer's staff repeatedly saw Claimant sleeping and the Board found that "[E]mployer continued to find her sleeping." Bd. Order at 2, C.R. at 170. Thus, the errant finding was immaterial.

In light of the foregoing, we affirm the order of the Board.


**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Deidre Walker, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 425 C.D. 2025 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 12th day of August, 2026, the order of Respondent Unemployment Compensation Board of Review is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita